BOYD, Justice.
This cause is before us on petition for writ of certiorari to the Florida Public Service Commission.
Petitioner seeks review of Final Order No. 5660 of the Commission, dated February 27, 1973. On April 20, 1972, Southeastern Telephone Company and Florida Central Telephone Company filed their petition with the Commission for authority to increase their rates and charges for telephone service. By an Order rendered on July 13, 1972, respondent Commission granted petitioner leave to intervene as a substantial consumer of Southeastern. By Order No. 5660, rendered February 27, 1973, respondent Commission allowed increases in rates and charges totalling $2,409,164.00, and in said Order the Commission held that the distribution of the authorized revenue increase was to include a $2.75 per month increase in Centrex Main Station rates:
“The company has also proposed that residential rates be increased by $2,696,-088.00. This was predicated, of course, upon the premise that its entire application would be granted. We have, however, as noted in a prior portion of this order, granted additional revenues totalling much less than was originally requested. The increases which we have already approved represent $1,152,843.00 of the total of $2,409,164.00 which we are authorizing. The remainder of the increase is to be generated by appropriate increases to the business local exchange rates, rates directly related to the business main station rates, and semi-public telephone rates, and by increasing each Centrex Main Station by $2.75 per month. The latter increase is designed to keep the approximate relative position of the Centrex rate to the Tallahassee D-l rate, which has heretofore been 69.-9% higher than the Centrex rate. The increase which we are applying to the Centrex Main Station will maintain that approximate ratio. This, in our opinion, is fair and reasonable, and conforms with the Attorney General’s position as stated in the record that the state should bear its fair share of the increase and that subscribers should not shoulder their burden.”
It is from this Order that the State sought certiorari in this cause. The State attacked said Order on the following grounds:
“1. That respondent Commission did not have before it competent and substantial evidence to support its findings and conclusions.
“2. Said Order is not founded on competent substantial evidence and is therefore an arbitrary and capricious exercise of authority.
“3. Said Order unlawfully discriminates against the State of Florida and deprives the State of equal protection of the law as required by the Constitution of the United States.
“4. Said Order is contrary to the evidence before respondent Commission, and, therefore, is violative of the due process of laws of the Constitution of the United States and of the Constitution of the State of Florida.
“5. Said Order constitutes an abuse of discretion and an arbitrary administration determination.”
Respondent Commission first maintains that their telephone rate orders come before this Court clothed with a presumption of correctness, specifically provided by the Legislature under Section 364.20, Florida Statutes, F.S.A.:
“Every . . . order . . . shall be deemed and held to be within their jurisdiction and their powers, and to be reasonable and just and such as ought to have been made . . . and arrived at in due form of procedure and such as can and ought to be executed, unless the contrary plainly appears on *350 the face thereof or can be made to appear by clear and satisfactory evidence, and shall not be set aside or held invalid unless the contrary so appears. All presumption shall be in favor of every action of the commissioners and all doubts as to their jurisdiction and powers shall be resolved in their favor, it being intended that the laws relative to the commissioners shall be deemed remedial laws to be construed liberally to further the legislative intent to regulate and control in the public interest the persons and corporations under their jurisdiction.”
It is respondent Commission’s position that petitioner has not met the burden prescribed by this above section in showing that respondent has abused this discretion in setting a fair, just and reasonable rate for Centrex, of which the State of Florida is the exclusive subscriber. Respondent Commission argues that, although a business customer, Centrex enjoys a rate much lower than other business subscribers, and that, prior to the increases authorized by the Order in question, the Tallahassee exchange business customer paid an average of 43.1% more than Centrex. The Commission argues that without a corresponding increase to Centrex, this differential would have been increased approximately 100%. The Commission notes that Cen-trex represents a substantial portion of the total business customers receiving telephone service within the Tallahassee exchange, and that with the case before respondent Commission in this posture, respondent properly concluded that the heretofore existing relationship between business rates and Centrex rates should be maintained, thereby requiring an increase in Centrex rates in order that it, too, would share in the burden in meeting the total revenue requirements and pay its equitable share as the beneficiary of the service being provided by the telephone company. Thus, respondent Commission submits that the value of the service to the State as a subscriber has increased in a proportionate manner to other business subscribers. Respondent Commission submits that such increases on Centrex were necessary in order for the State, as one of the largest business users, to share in a fair and equitable manner the increases which respondent has authorized. The position of respondent Commission is echoed in the brief of the Southeastern Telephone Company, acting as intervenor-respondent.
Our careful consideration and analysis of the petition, together with the record and briefs and arguments of counsel sustain the view that the findings of the Commission are supported by competent substantial evidence and that, in entering its order, respondent Commission met the essential requirements of law.
Accordingly, the petition for writ of cer-tiorari is denied.
It is so ordered.
CARLTON, C. J., and ERVIN, ADKINS and McCAIN, JJ., concur.